IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

HEINRICH GERKE,

        Plaintiff /
        Counterclaim-Defendant,

        v.

TRAVELERS CASUALTY INSURANCE
COMPANY OF AMERICA, a foreign
corporation,

        Defendant / Counterclaimant,

and VALLEY FORGE INSURANCE
COMPANY, a foreign corporation,

        Defendant.

CV-10-1035-AC

FINDINGS AND
RECOMMENDATION

---

TRAVELERS CASUALTY INSURANCE
COMPANY OF AMERICA, a foreign
corporation,

Page -1- FINDINGS AND RECOMMENDATION        {SSM}

Third-Party Plaintiff,

v.

TRANS LEASE, INC.,

Third-Party Defendant.

ACOSTA, Magistrate Judge:

*Findings and Recommendation*

Plaintiff Heinrich Gerke ("Gerke") filed this action for breach of contract against Travelers Casualty Insurance Company of America ("Travelers") and Valley Forge Insurance Company ("Valley Forge") for their failure to provide coverage for Gerke's losses related to the alleged theft and fire of his truck and inventory therein. Trans Lease, Inc. ("Trans Lease") is the owner of the truck, which at the time of the loss, was being leased to Gerke. Trans Lease is named as an additional insured and loss payee on the auto policies issued to Gerke by Travelers and Valley Forge. Travelers filed a counterclaim against Gerke and a third party complaint against Trans Lease. On December 20, 2010, the court stayed the third party action, pending resolution of Gerke's disputes with his insurers.

Presently before the court is Travelers' motion for summary judgment. Travelers asserts that Gerke's claims are barred as a matter of law because he failed to comply with all terms of coverage before filing suit. For the reasons set forth below, the motion should be granted.

*Background*

This case concerns insurance coverage for the loss of a truck and the contents therein. There are four insurance policies at issue, issued to Gerke by two insurance companies, Travelers

and Valley Forge. At the time of the loss, Gerke had two Travelers policies, a commercial businessowners policy, number I-680-2593P691-ACJ-09, and a commercial automobile insurance policy, number BA-2593P918-09-SEL (collectively the "Travelers Policies"), effective November 13, 2009, to November 13, 2010. (Amended Complaint (#7) ¶¶ 9-10; Answer/Counterclaim (#8) ¶¶ 59-60.) Gerke was also insured by two Valley Forge policies, a commercial automobile policy, number CNA B 2090815848, and a commercial businessowners policy, CNA B 2090815834 (collectively the "Valley Forge Policies"), effective September 6, 2009, to September 6, 2010. (Amended Complaint, ¶¶ 13-14.) Only the Travelers Policies are at issue in the present motion.

The Travelers Auto Policy, BA-2593P918-09-SEL, states in relevant part:

> BUSINESS COVERAGE AUTO FORM
> \*\*\*
> SECTION IV – BUSINESS AUTO CONDITIONS
> The following conditions apply in addition to Common Policy Conditions:
> A. Loss Conditions
> \*\*\*
>> 2. Duties in the Event of Accident, Claim, Suit or Loss
>> We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:
>> \*\*\*
>>> b. Additionally, you and any other involved "insured" must:
>>> \*\*\*
>>>> (3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit."
>>> \*\*\*
>>> c. If there is a "loss" to a covered "auto" or its equipment you must also do the following:
>>> \*\*\*
>>>> (4) Agree to examinations under oath at our request and give us a signed statement of your answers.
>>> \*\*\*

///

///

Page -3- FINDINGS AND RECOMMENDATION                {SSM}

> 3. Legal Action Against Us
> No one may bring legal action against us under this Coverage Form until:
>> a. There has been full compliance with the terms of this Coverage Form[.]

(Answer/Counterclaim, Ex. A, pp. 22-23; Bernstein Decl. (#17), Ex. A, pp. 1-2.)

The Travelers Store Pac Policy, I-680-2593P691-ACJ-09, states in relevant part:

> BUSINESS OWNERS PROPERTY COVERAGE SPECIAL FORM
> \*\*\*
> E. PROPERTY LOSS CONDITIONS
> The following conditions apply in addition to the Common Policy Conditions:
> \*\*\*
>> 3. Duties in the Event of Loss or Damage
>>> a. You must see that the following are done in the event of loss or damage to Covered Property:
>>> \*\*\*
>>>> (9) Cooperate with us in the investigation and settlement of the claim.
>>> \*\*\*
>>> b. We may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or claim, including an insured's books and records. In the event of an examination, an insured's answers must be signed.
> \*\*\*
> F. COMMERCIAL PROPERTY CONDITIONS
>> \*\*\*
>> 4. Legal Action Against Us
>> No one may bring a legal action against us under this Coverage Form unless:
>>> 1. There has been full compliance with all the terms of this Coverage Form[.]
>>> \*\*\* \*\*\*

/ / /

/ / /

/ / /

> COMMERCIAL INLAND MARINE COVERAGE PART
> COMMERCIAL INLAND MARINE CONDITIONS
> The following conditions apply in addition to the Common Policy Conditions and applicable Additional Conditions in Commercial Inland Marine Coverage Forms:
> LOSS CONDITIONS
> \*\*\*
> C. Duties In the Event Of Loss
> You must see that the following are done in the event of loss or damage to Covered Property:
> \*\*\*
>> 7. We may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or claim, including an insured's books and records. In the event of an examination, an insured's answers must be signed.
>> \*\*\*
>> 10. Cooperate with us in the investigation or settlement of the claim.
>
> \*\*\*
> GENERAL CONDITIONS
> \*\*\*
> C. Legal Action Against Us
> No one may bring a legal action against us under this Coverage Part unless:
>> 1. There has been full compliance with all the terms of this Coverage Part[.]

(Answer/Counterclaim, Ex. B, pp.108, 110;[1] Bernstein Decl., Ex. A, pp. 4-8;.)

On or about December 4, 2009, a truck under lease to Gerke was allegedly stolen. (Amended Complaint ¶ 5.) At the time, the truck allegedly contained inventory in the form of Matco tools, which Gerke kept in the truck to sell to his customers. (*Id.*) After the theft, the inventory was allegedly removed from the truck, the truck set on fire, and abandoned. (*Id.*) The

---

[1] The relevant pages (pp. 28-29, 33, as numbered on the policy) of the Businessowners Property Coverage Special Form section of the policy are missing from the attachment to the Answer/Counterclaim which purports to include the full Travelers Policies. The court was able to review the relevant pages because they are attached to Exhibit A of the Bernstein Declaration. However, the court notes this so that the parties are aware that there is not a complete version of the Travelers Policies in the record currently before the court.

fire damaged or destroyed the truck and all property remaining inside. (*Id.*)

On or about December 7, 2009, Gerke reported the loss to both insurance companies. (*Id.* ¶ 17; Foster Decl. (#27), ¶¶ 4, 18, Exs. 2, 16.) When Gerke reported the loss to Travelers on December 7, 2009, a Travelers claims representative took a recorded statement over the phone. (Foster Decl. ¶ 46, Ex. 35.) On December 8, 2009, a Valley Forge claims representative took Gerke's recorded statement over the phone. (*Id.* ¶ 18, Ex. 16.) On December 21, 2009, a private investigator hired by Valley Forge took another recorded statement of Gerke. (*Id.* ¶¶ 3, 18, Ex. 1, p.152; Ex. 16, p.2.)[2]

On January 19, 2010, Gerke was notified by attorney Thenell that he was representing both Valley Forge and Travelers with respect to Gerke's insurance claims. (*Id.* ¶ 5, Ex. 3). On January 20, 2010, Thenell sent a letter to Gerke, informing him that Travelers had elected to exercise its right to take his examination under oath ("EUO"), and requesting that Gerke produce various documents prior to scheduling the EUO. (*Id.* ¶ 6, Ex. 4.) On January 28, 2010, Gerke was notified by Thenell that Valley Forge was also electing to exercise its right to take Gerke's EUO, and that the two companies would consolidate their document requests. (*Id.* ¶ 7, Ex. 5; Bernstein Decl. ¶ 4, Ex. B, p. 4.) Thenell, acting on behalf of Valley Forge, requested fuel receipts and the keys to the vehicle, in addition to the documents already requested by Travelers. (*Id.*) On March 26, 2010, Thenell sent a letter advising Gerke that Valley Forge was awaiting several documents necessary to investigate Gerke's claim, and that once the documents were

---

[2] Attorney Daniel E. Thenell ("Thenell"), in his role as coverage counsel for Travelers, was provided with Valley Forge's December 8, 2009, recorded statement on or about June 17, 2010, and the December 21, 2009 recorded statement on or about June 18, 2010. (Foster Decl. ¶ 46, Ex. 35, pp. 2-3.) Travelers was provided copies of these statements on or about October 27, 2010. (*Id.*)

received, the EUO could be scheduled. (Foster Decl. ¶ 8, Ex. 6.)

On or about May 6, 2010, there was a dispute regarding whether Gerke's prior recorded statements would be produced to Brooks Foster ("Foster"), Gerke's counsel for the insurance coverage dispute. (*Id.* Exs. 7, 15-18.) In a letter dated May 19, 2010, Thenell scheduled the EUO to occur on June 23, 2010, to be taken on behalf of both insurance companies. (*Id.* ¶ 11, Ex. 9; Bernstein Decl. ¶ 5, Ex. C.) At Gerke's request, the EUO was rescheduled for June 25, 2010. (Bernstein Decl. ¶ 6, Ex. D.)

On June 2, 2010, Gerke's divorce attorney, Herb Weisser ("Weisser") issued Civil Subpoena Duces Tecum to Travelers and Valley Forge requiring delivery of any and all of Gerke's recorded statements by June 18, 2010. (Foster Decl. ¶ 13, Ex. 11.) On June 8, 2010, Thenell notified both of Gerke's attorneys by letter that neither insurer intended to release the recorded statements. (*Id.* ¶ 14, Ex. 12, p. 2.) In a letter dated June 14, 2010, Foster wrote to Thenell explaining that unless his clients produced the statements by June 18, 2010, Gerke's EUO scheduled for June 25, 2010, would need to be postponed. (*Id.* ¶ 16, Ex. 14, p.2.) On June 18, 2010, Thenell filed a motion to quash the subpoenas on behalf of both insurers. (*Id.* ¶ 18, Ex. 16.) The EUO did not occur on June 25, 2010. (Bernstein Decl. ¶ 7, Ex. E.) On July 6, 2010, Thenell wrote a letter to Foster, requesting that Gerke appear for an EUO on one of two proposed dates in July. (*Id.*)

On July 7, 2010, Judge Keith Raines denied the joint motion to quash the subpoenas and ordered Valley Forge and Travelers to produce all of Gerke's recorded statements within their control, to Gerke's divorce counsel by close of business. (Foster Decl. ¶ 20, Ex. 18, p. 2.) Judge Raines directed Gerke's divorce attorney not to provide recordings or transcripts of the

statements to Gerke's counsel for the loss claims against the insurance companies. (*Id.*) That same day, Thenell filed a motion to stay enforcement of the subpoena on behalf of Valley Forge only. (*Id.* ¶¶ 21-22, Exs. 19-20.) The motion was granted and enforcement of the subpoena stayed for 30 days. (*Id.* ¶ 21, Ex. 19.) Thenell, acting only on behalf of Valley Forge, filed a Petition for Writ of Mandamus in the Oregon Supreme Court, which was denied without opinion on August 4, 2010. (*Id.* ¶¶ 26, 33, Exs. 22, 27.)

On July 15, 2010, Thenell wrote a letter on behalf of Travelers, demanding that Gerke submit to an EUO on July 19, 2010. (Bernstein Decl. ¶ 8, Ex. F, p. 3; Foster Decl. ¶ 24, Ex. 21, p. 3.) The letter included the following paragraph:

> As you have previously been informed, a breach of the policy conditions may result in negative consequences up to and including the denial of the insurance claims. In light of the prior history of non-compliance, please be aware that if Mr. Gerke fails to comply with the demand for examination under oath, his claims will be denied as he will be in material breach of both the cooperation and examination under oath conditions of the contract.

(*Id.*)

Gerke did not give an EUO on July 19, 2010. (Bernstein Decl. ¶ 9, Ex. G; Foster Decl. ¶ 27, Ex. 23.) On July 28, 2010, Thenell wrote a letter on behalf of Travelers, asking Gerke to provide to Thenell, by August 6, 2010, dates he would be available to submit to an EUO. (*Id.*) The letter noted that if Thenell's office did not hear from Gerke's counsel by August 6, 2010, "Travelers will likely deny your client's claims based on his breach of the policy conditions requiring him to cooperate in Travelers' investigation and submit to examination under oath." (*Id.*) On July 29, 2010, Gerke's counsel filed suit against Travelers in Multnomah County Circuit Court for breach of the insurance contract. (Notice of Removal (#1), Ex. A.)

On August 3, 2010, Gerke's counsel wrote a letter to Thenell, acknowledging that

Thenell's July 15, 2010, letter contained the first request for an EUO made solely on behalf of Travelers, without also including a request for an EUO on behalf of Valley Forge. (Bernstein Decl. ¶ 10, Ex. H; Foster Decl. ¶ 31, Ex. 25.) Attached to the letter was a copy of the complaint filed against Travelers in Multnomah County Circuit Court on July 29, 2010. (*Id.*) Gerke's counsel noted that if Thenell did not accept service on behalf of Travelers within three business days, Travelers would be served directly. (*Id.*) Travelers removed Thenell as counsel on August 3, 2010. (Thenell Decl. (#31) ¶ 2.) Travelers was served with the complaint on August 11, 2010. (Foster Decl. ¶ 37, Ex. 30.)

On August 5, 2010, Gerke's counsel wrote a letter to Thenell, referencing both Valley Forge's and Travelers' claims, and offering to schedule the EUO sometime between August 18 and August 31, 2010. (*Id.* ¶ 35, Ex. 29.) The letter indicated that once Gerke underwent the EUO, he would object to any future requests to give him a second EUO. (*Id.*) Thenell responded by letter on August 13, 2010, referencing only the Valley Forge claim and noting that because no civil action had been filed against Valley Forge, the civil rules applicable to depositions would not apply to the EUO. (*Id.* ¶ 38, Ex. 31.) On August 20, 2010, Thenell took Gerke's EUO on behalf of Valley Forge. (*Id.* ¶ 40; Bernstein Decl. ¶ 12, Ex. I.)

On September 2, 2010, Lloyd Bernstein ("Bernstein"), as counsel for Travelers, removed the action to this court. On November 2, 2010, Gerke filed an amended complaint, adding Valley Forge as a defendant.

### *Legal Standard*

Summary judgment is appropriate only when the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

FED. R. CIV. P. 56(c). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if, under the substantive law of the case, resolution of the factual dispute could affect the outcome of the case. *Id.* The moving party bears the initial burden of showing "the absence of a genuine issue concerning any material fact." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159 (1970). The moving party satisfies its burden by offering the district court the portions of the record it believes demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court does "not weigh the evidence or determine the truth of the matter, but only determines whether there is a genuine issue for trial." *Balint v. Carson City, Nev.*, 180 F.3d 1047, 1054 (9th Cir. 1999).

Once the moving party meets its initial burden, the nonmoving party must establish the existence of a genuine issue of material fact. Fed.R.Civ.P. 56(e). To meet this burden, the nonmoving party must make an adequate showing as to each element of the claim for which it will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23. The nonmoving party "may not rest upon the mere allegations or denials of his pleading but . . . must set forth specific facts showing that there is a genuine issue for trial." *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968). In order to establish that there is a genuine issue of material fact, the nonmoving party "need only present evidence from which a jury might return a verdict in [the nonmoving party's] favor." *Anderson*, 477 U.S. at 257. The evidence set forth must be sufficient to allow a rational jury to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A "scintilla of evidence in support of the [nonmoving party's] position [is] insufficient." *Anderson*, 477 U.S. at 252. Additionally, the

court must view the evidence in the light most favorable to the nonmoving party, and must draw all reasonable inferences from the underlying facts in favor of the nonmoving party. *Bell v. Cameron Meadows Land Co.,* 669 F.2d 1278, 1984 (9th Cir. 1982).

*Discussion*

I. Preliminary Matter: LR 7-1 Conferral

As a preliminary matter, Gerke contends that Travelers' motion should be denied because Travelers did not confer with Gerke's counsel prior to filing this motion, as required by Local Rule 7-1. Local Rule 7-1(a)(1) requires a party filing a motion to certify that "[t]he parties made a good faith effort through personal or telephone conferences to resolve the dispute, and have been unable to do so[.]" "The obvious purpose of Local Rule 7-1(a) is to encourage parties to resolve disputes amicably when possible, preserving judicial resources for those matters that require the court's intervention." *Thompson v. Federico,* 324 F. Supp. 2d 1152, 1172 (D. Or. 2004).

Travelers certified compliance with Local Rule 7-1(a) in its motion, but Gerke claims that Travelers filed the motion without first notifying Gerke's counsel, and that there was no conferral between the parties on whether they could resolve the dispute regarding dismissal of Gerke's claims due to his alleged failure to submit to an EUO. According to Gerke's counsel, prior to filing the motion, Travelers' counsel sent an email asking whether Gerke would give a second EUO, but neglected to mention his intent to file a motion for summary judgment. (Foster Decl. ¶¶ 43-44.) In response to this allegation, Travelers contends that on December 22, 2010, counsel participated in a telephone conference call regarding this litigation, during which time, Travelers' counsel inquired whether Gerke would submit to an EUO, and informed Gerke's counsel that if

he would not, Travelers intended to file a dispositive motion on the issue. (Amended Second Bernstein Decl. (#34), ¶ 2.)³ That same day, Travelers' counsel sent a follow-up email to Gerke's counsel, noting that Travelers would not stipulate to Gerke's proposed amendment to the complaint, asking counsel to confirm the proposed litigation schedule, and to confirm whether Gerke would "comply with Travelers' numerous requests for an examination under oath." (*Id.* ¶ 3, Ex. J, p.1.) On December 28, 2010, Travelers' counsel sent an additional email regarding the litigation schedule and noting that Travelers "would also appreciate learning before the end of the year whether [Gerke] will now comply with Travelers' numerous requests for an examination under oath." (*Id.* ¶ 4, Ex. K, p. 1.) Travelers filed the present motion on January 5, 2011.

Essentially, the parties disagree whether Travelers' counsel communicated to Gerke's counsel during the telephone conference on December 22, 2010, his intention to file a summary judgment motion if Gerke did not agree to submit to an EUO for Travelers. While there are several emails documenting that the parties indeed communicated about various matters in the weeks prior to the filing of this motion, none of the emails specifically reference Travelers' intention to take action by way of dispositive motion if Gerke did not agree to submit to an EUO. Counsel's declarations provide conflicting information regarding the telephone conference, as Gerke's counsel does not recall a telephone conference, (Foster Decl. ¶¶ 43-44), while Travelers' counsel asserts that one occurred on December 22, 2010, as memorialized by at least one email of the same date which begins with the phrase, "[i]n further follow-up to our call this morning"

---

³ The court notes that Travelers initially filed this declaration as docket #30, but because it omitted the referenced attachments, Travelers filed an amended declaration that included the attachments.

(Amended Second Bernstein Decl. ¶¶ 2-3, Ex. J, p. 1).

Keeping in mind that the purpose of Local Rule 7-1 is to "encourage parties to resolve disputes amicably when possible," the court finds that Travelers met its obligation to confer pursuant to Local Rule 7-1. *Thompson,* 324 F. Supp. 2d at 1172. The record is clear that in the weeks immediately preceding the filing of the motion, Travelers' counsel repeatedly inquired, both by telephone and by email, whether Gerke would submit to an EUO. While it would have been desirable for Travelers' counsel to memorialize his intention to file a dispositive motion in one of the follow-up emails, the court finds that his failure to do so does not rise to the level of refusing to confer, in light of the fact that Gerke's willingness to submit to an EUO was the subject of numerous communications and is the subject of the current motion. Moreover, the court is persuaded that additional efforts to confer regarding the EUO would have been futile, given that the current motion is based on the fact that Gerke did not submit to an EUO prior to filing this lawsuit, and the record has extensive documentation that the parties have long disagreed over the scheduling of Gerke's EUO. *See Bowers v. Experian Info. Solutions, Inc.,* Civ. No. 08-1436-AC, 2009 WL 2136632, at *3 (D. Or. July 15, 2009) (discussing futility under LR 7-1(a)). Accordingly, the court declines to deny Travelers' motion on this basis.

II. Merits

Gerke's amended complaint includes two claims for breach of contract, one against Travelers and one against Valley Forge. Travelers moves for summary judgment in its favor because Gerke, in refusing to submit to an EUO by a Travelers representative, failed to comply with all conditions precedent required by the Travelers Policies before filing suit. In response, Gerke claims that summary judgment is inappropriate because the EUO provision is a condition

Page -13- FINDINGS AND RECOMMENDATION                         {SSM}

of forfeiture rather than a condition precedent, and that Travelers has failed to carry its burden to show that it suffered prejudice from Gerke's conduct. Gerke further asserts that his suit should not be dismissed because Oregon law requires only substantial compliance with an insured's obligations under the terms of an insurance policy, and that by giving an EUO on August 20, 2010, he is in substantial compliance. Finally, Gerke asserts that in the event the court concludes that he breached the terms of the contract, the court should either order him to submit to an additional EUO or dismiss the action without prejudice, rather than granting Travelers' motion and dismissing the action.

### A. EUO Provisions

Gerke argues that the EUO provisions are conditions of forfeiture, and that under Oregon law, Travelers must show that it was prejudiced by Gerke's alleged noncompliance with the EUO provisions in order to escape coverage. Travelers asserts that the court should construe the EUO provisions as conditions precedent, the breach of which constitutes a breach of the terms of the Travelers Policies, regardless of whether Travelers was prejudiced. It is undisputed that both Travelers Policies include loss conditions that require the insured to submit to an EUO if requested by Travelers, as well as to generally cooperate with the investigation and/or settlement of the claim. (Bernstein Decl. Ex. A, pp. 1-8; Answer/Counterclaim, Ex. B, pp. 108, 110.) The Travelers Policies also include "Legal Action" provisions, which preclude the insured from bringing action against Travelers until there has been "full compliance with all terms[.]" *Id.*

Oregon courts have not spoken clearly on the issue of whether an EUO policy condition is a condition precedent or whether it is a condition of forfeiture. A condition precedent is a contractual condition, which "is an event, not certain to occur, which must occur, unless its non-

occurrence is excused, before performance under a contract becomes due." *Wright v. State Farm Mut. Auto. Ins. Co.*, 223 Or. App. 357, 370 n. 14, 196 P.3d 1000, 1007 (2008) (internal citation and quotation omitted). "A condition of forfeiture exists when 'there is insurance coverage for the loss in the first place, but acts of the insured nullify the coverage[.]" *ABCD . . . Vision v. Fireman's Fund Ins. Companies*, 304 Or. 301, 306, 744 P.2d 998, 1002 (1987). "A condition of forfeiture disallows claims that otherwise are covered under a policy." *Wright*, 223 Or. App. at 370, 196 P.3d at 1007.

Many jurisdictions agree with Travelers' position that EUO provisions are conditions precedent that are not subject to a showing of prejudice. *See West v. State Farm and Casualty Co.*, 868 F.2d 348, 350 (9th Cir. 1989) (applying California law); *Deguchi v. Allstate Ins. Co.*, Civil No. 07-00144-JMS/LEK, 2008 WL 1780271, at ** 9, 11 (D. Hawaii April 9, 2008), *aff'd* 407 Fed. Appx. 93 (9th Cir. 2010) (noting that a majority of courts do not require prejudice); *Krigsman v. Progressive Northern Ins. Co.*, 151 N.H. 643, 647-48, 864 A.2d 330, 333-34 (2005) (noting that most jurisdictions construe EUO provisions as conditions precedent). In fact, this court has granted summary judgment in favor of an insurance company on the basis that the insured materially breached the terms of an insurance contract by refusing to submit to an EUO, as required by the terms of the policy. *Thompson v. Allied Mutual Ins. Co.*, Civil No. 99-1076-AS, 2000 WL 776400, at * 3-4. (D. Or. May 25, 2000).

Gerke advances the argument that because Oregon courts require a showing of prejudice for notice of claim provisions, the rationale for this rule should also apply to EUO provisions such as the ones at issue here. It is well established in Oregon that when it comes to notice of claim provisions, coverage may not be denied solely on the basis of the insured's untimely notice

of the claim, unless there is an additional two-part inquiry regarding prejudice and reasonableness. *Lusch v. Aetna Casualty & Sur. Co.*, 272 Or. 593, 599-600, 538 P.2d 902, 905 (1975). First, the insurance company must show that it was prejudiced by the policyholder's conduct. *Id.* If so, then the second inquiry is whether the policyholder acted reasonably. *Id.* If the policyholder acted reasonably, then the insurance company must provide coverage, even if it was prejudiced by the conduct. *Id.* In adopting this test, the court noted that the purpose of timely notice is "for the insurer to adequately investigate the potential claim and thus protect itself and the insured." *Id.*, 272 Or. at 597, 538 P.2d at 904. Oregon courts have required insurers to make the additional of showing of prejudice when they seek to invoke the insured's noncompliance with the terms of the policy as a defense in cooperation provisions, *Bailey v. Universal Underwriters Ins. Co.*, 258 Or. 201, 219, 474 P.2d 746, 755 (1970), *recon'd denied*, 258 Or. 201, 482 P.2d 158 (1971), and consent-to-settle provisions, *Federated Service Ins. Co. v. Granados*, 133 Or. App. 5, 9, 889 P.2d 1312, 1315, *rev. denied*, 321 Or. 512, 900 P.2d 509 (1995), but not for suit limitation provisions, *Herman v. Valley Ins. Co.*, 145 Or. App. 124, 132-33, 928 P.2d 985, 990-91 (1996), *rev. denied*, 325 Or. 438, 939 P.2d 621 (1997).

In each of the above cases where Oregon courts have required the insurer to show prejudice, it has been when the insurer seeks to invoke the insured's non-cooperation as a defense to its denial of coverage, thereby barring the insured's recovery. None of these cases address whether the insurer must show prejudice when it seeks to preclude the insured from bringing suit until the insured has complied with all the policy conditions that allow the insurer to make a decision regarding coverage. In this case, Travelers has not actually denied Gerke's claim, and does not, at this juncture, seek to bar him from recovery under the terms of the

Travelers Policies. Instead, Travelers seeks summary judgment on the limited grounds that the plain language of the Travelers Policies do not permit Gerke to bring suit unless or until he has satisfactorily complied with all the terms in the Travelers Policies, including that he submit to an EUO if requested by the company. The plain language of the Travelers Policies is such that, when Travelers requests an EUO, as it has done here, this request is a condition that must be satisfied before the insured may bring suit. This is reasonable, given that the purpose of an EUO provision is to enable the insurer "to possess itself all knowledge, and all information as to other sources and means of knowledge, in regard to the facts, material to their rights, to enable them to decide upon their obligations, and to protect them against false claims." *Claflin v. Commonwealth Ins. Co.*, 110 U.S. 81, 94-95 (1884). Therefore, the court concludes that the Travelers Policies' EUO provisions serve as a conditions precedent to Gerke's ability to bring suit.

B. Substantial Compliance

Gerke asserts that regardless of whether the EUO provision is a condition precedent or a condition of forfeiture, Oregon law requires only that an insured substantially comply with policy conditions, and that because he gave an EUO on August 20, 2010, he is in substantial compliance with the terms of the Travelers Policies. To support this claim, Gerke cites to Oregon cases that stand for the premise that substantial compliance of the proof of loss requirement is all that is required. *Sutton v. Fire Ins. Exch.*, 265 Or. 322, 325-26, 509 P.2d 418, 419-20 (1973); *Dockins v. State Farm Ins. Co.*, 329 Or. 20, 27-28, 985 P.2d 796, 800 (1999).

When it comes to proof of loss, Oregon requires only that the insured provide enough information so that the insurer is able to "estimate its obligations." *Dockins*, 329 Or. at 29, 985

P.2d at 801. In construing those provisions, Oregon courts have excused deviations from the strict requirements regarding the form of the proof of loss, so long as the proof submitted "accomplishes the purpose of proof of loss," which is "to afford the insurer an adequate opportunity for investigation, to prevent fraud and imposition upon it, and to enable it to form an intelligent estimate of its rights and liabilities before it is obligated to pay." *Id.*, 329 Or. at 28; 985 P.2d at 29 (quoting *Sutton*, 265 Or. at 325, 509 P.2d at 419). For example, the proof of loss provision in *Sutton* required the insured to submit a "proof of loss, signed and sworn by the insured, stating to the knowledge and belief of the insured as to [the particulars of the loss]," and included at least ten different categories of information that the insured was required to submit to the insurer. 265 Or. at 324 n.1, 509 P.2d at 419. The court concluded that the insured had substantially complied with the proof of loss provision because the proof submitted included all of the particulars enumerated in the policy, but was missing only the insured's sworn signature. *Id.*, 265 Or. at 325-26, 509 P.2d at 420.

However, Gerke has presented no cases that support his position that substantial compliance is sufficient for anything other than proof of loss. In fact, the Oregon Supreme Court took care to distinguish between proof of loss and notice of loss, noting that even though both may appear in an insurance policy, a notice of loss provision serves a different purpose than a proof of loss provision. *Id.*, 265 Or. at 325, 509 P.2d at 419-20. The court rejects Gerke's attempt to lump together all the various duties required by insurance policies in the event of a loss under one umbrella.

The EUO provisions at issue here are not proof of loss provisions. Gerke has provided no cases, and the court is aware of none, where substantial compliance is enough to satisfy a

provision in an insurance contract requiring the insured to submit to an EUO prior to bringing suit. The court is also not persuaded by Gerke's suggestion that at the time of the EUO on August 20, 2010, he believed that Thenell was conducting the EUO on behalf of both insurers. While Thenell may not have informed Gerke's counsel that he was no longer serving as coverage counsel for Travelers, he made clear during all the relevant communications regarding the August 20, 2010, EUO, that he would be taking it only on behalf of Valley Forge. (*See* Bernstein Decl. ¶¶ 10, 12, Exs. H, I; Foster Decl. ¶¶ 31, 38, 40, Exs. 25, 31.) Even the transcript of the EUO clearly shows that the EUO was being conducted solely on behalf of Valley Forge, regarding a Valley Forge insurance policy. (Bernstein Decl. Ex. 1, pp. 4-5.) Therefore, the court rejects Gerke's argument that he substantially complied with the terms of the Travelers Policies by submitting to an EUO for Valley Forge after he filed the present action against Travelers. Accordingly, Gerke is not in compliance with the terms of the Travelers Policies.

C. Remedy

Gerke urges the court to either dismiss the action without prejudice or order Gerke to submit to a second EUO rather than granting Travelers' motion and dismissing the action with prejudice. Given the court's conclusions that the EUO and Legal Action provisions in the Travelers Policies are conditions precedent to Gerke's ability to file suit, and that Gerke has failed to substantially comply with the terms of those provisions, the appropriate remedy is dismissal without prejudice. Gerke's failure to comply with these conditions does not bar his ability to bring suit to recover, but merely suspends his ability to bring suit until he has fully complied with those conditions. *See* 20 APPLEMAN, INSURANCE LAW & PRACTICE § 11416, at 568. Accordingly, the most appropriate remedy is to dismiss the action without prejudice, so that

Travelers may conduct the EUO and determine whether it will pay, deny, or adjust Gerke's claim. If Gerke seeks to refile the action after a final determination has been made, in order to recover, then he may do so.

*Recommendation*

For the reasons discussed above, Travelers' motion for summary judgment (docket # 14) should be GRANTED and the action dismissed without prejudice as to defendant Travelers.

*Scheduling Order*

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due June 20, 2011. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 6th day of June, 2011.

JOHN V. ACOSTA
United States Magistrate Judge