IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**HEINRICH GERKE,**

        Plaintiff,

    v.

**TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA et al.,**
        Defendants.

No. 3:10-cv-01035-AC

OPINION AND ORDER

**MOSMAN, J.**,

On June 6, 2011, Magistrate Judge Acosta issued his Findings and Recommendation ("F&R") [46] in the above-captioned case, recommending that the Motion for Summary Judgment [14] filed by Travelers Casualty Insurance Company of America ("Travelers") be granted and that plaintiff's claim against Travelers be dismissed without prejudice. On June 20, 2011, Travelers filed a Supplement to Clarify the Record [49] ("Supplement"), along with a supporting declaration [50] ("Bernstein Declaration"). Plaintiff filed objections to the F&R on June 24, 2011 [53].[1] Travelers filed a response on July 5, 2011 [54].

---

[1] The deadline to file objections was June 20, 2011, and plaintiff did file objections on that day [52]. The June 24, 2011, filing amended those objections and I will consider those amended objections for purposes of this opinion.

## STANDARD OF REVIEW

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

## DISCUSSION

I agree with Judge Acosta's analysis and conclusion. However, I will separately address a few points raised by plaintiff's objections.

Plaintiff has argued that the examination under oath ("EUO") requirement is a condition of forfeiture and that Travelers therefore must show prejudice in order to have this suit dismissed. Judge Acosta rejected that argument, but plaintiff argues that the Supplement filed by Travelers negates Judge Acosta's analysis. (Pl.'s Objections (#53) 10) ("The Magistrate Judge reasoned that the condition of forfeiture case law should not apply because Travelers had not denied coverage."). The Supplement provides a letter, dated September 9, 2010, written on behalf of Travelers by Mr. Lloyd Bernstein. The letter states: "Travelers is forced to deny coverage because of Mr. Gerke's failure to cooperate in the investigation, namely his failure to

2 – OPINION AND ORDER

appear for an EUO, before he then prematurely filed suit against Travelers in violation of the 'Legal Action Against Us' provisions of the applicable Travelers policies." (Bernstein Declaration (#50) Ex. A-1). According to the Supplement, this letter is consistent with "the remedies sought . . . by way of the subject summary judgment motion." (Supplement (#49) 2). As the Supplement acknowledges, this letter conflicts with statements made by counsel for Travelers at oral argument before Judge Acosta, including the following exchange:

> The Court: Is it true, as I think I recall reading in your briefs, that as far as Travelers is concerned, Mr. Gerke's claim so far has not been denied or—denied on the merits?
>
> Mr. Bernstein: Correct.

(Oral Argument, June 3, 2011, Tr. at 20). It is surprising to me that this letter was not brought to light earlier, either by plaintiff—who does not apparently contest receiving it—or by Travelers.

However, I find that it does not affect the validity of the F&R. Judge Acosta concluded that plaintiff's failure to comply with the EUO requirements of Travelers' policies barred his lawsuit based on the express terms of the policies at issue. Judge Acosta reasoned that, unlike the cases relied on by plaintiff, Travelers' *motion* did not invoke a cooperation requirement as a defense to coverage, but instead sought to dismiss a premature suit. (F&R (#46) 16). Judge Acosta's conclusion relies on (a) the fact that the policies at issue require Mr. Gerke to submit to reasonable EUO requests before filing suit, and (b) Judge Acosta's conclusion that "substantial compliance" alone does not satisfy the pre-suit EUO requirement and, even if it could, Mr. Gerke did not substantially comply. It does not rely on Travelers' representation that it never denied coverage on the merits. Put another way, for purposes of the motion for summary judgment, Travelers did not invoke the EUO requirements as a defense to coverage, just as a defense to this lawsuit at this time. Thus, for purposes of this motion for summary judgment,

3 – OPINION AND ORDER

Judge Acosta correctly concluded that "Gerke's failure to comply with these conditions does not bar his ability to bring suit to recover, but merely suspends his ability to bring suit until he has fully complied with those conditions." (F&R (#46) 19). The positions that Travelers and Mr. Gerke will take going forward is an issue that is not now before me.

Additionally, while plaintiff argues that dismissing his case without prejudice will "create innumerable delays," "delay resolution" of his insurance claims, and make the coverage litigation a "nightmare to manage," I find any such problems are over-stated, at least somewhat self-inflicted, and do not allow me to ignore the language of the policies at issue. Likewise, plaintiff now argues that Judge Acosta erroneously considered plaintiff's post-filing conduct. Plaintiff, however, raised the argument that his post-filing conduct satisfies the policies' EUO requirements and Judge Acosta did not err in explaining why he rejected that argument.

Upon review, I agree with Judge Acosta's recommendation, and I ADOPT the F&R [46] as my own opinion.

IT IS SO ORDERED.

DATED this   14th   day of September, 2011.


/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court

4 – OPINION AND ORDER