IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

HEINRICH GERKE,

        Plaintiff,

v.

TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, a foreign corporation,

        Defendant/Counterclaimant

and

VALLEY FORGE INSURANCE COMPANY, a foreign corporation,

        Defendant.

3:10-CV-1035-AC

OPINION AND ORDER

---

TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, a foreign corporation,

        Third-Party Plaintiff,

v.

TRANS LEASE, INC.,

        Third-Party Defendant.

---

ACOSTA, Magistrate Judge

        After resolving the parties' dispute over discovery of portions of the file kept by plaintiff's liability expert, the court ordered plaintiff to pay sanctions for failing to make

Page 1 - OPINION AND ORDER

discovery. (*See* Opinion and Order of February 19, 2013, Dkt. No. 165.) Relevant to the current dispute, the court's order directed that:

> (2) Plaintiff shall reimburse Defendants for the attorney and staff time, and out-of-pocket costs, incurred by Defendants to prepare, serve, and submit their joint in camera submission to the court pursuant to the court's November 16, 2012, order. Defendants' counsel shall present to Plaintiffs counsel an itemized statement of attorney time, staff time, and out-of-pocket costs. Defendants' counsel shall serve their itemized statement on Plaintiffs counsel no later than March 6, 2013. Plaintiff shall tender reimbursement to Defendants no later than March 27, 2013.

(*Id.*) On March 25, 2013, plaintiff filed his objections and supporting declarations regarding defendant Valley Forge Insurance Company's statement of $1,014.74 in attorney fees and costs incurred in connection to the court's November 16, 2012, order. (*See* Dkt. Nos. 166-169.) Plaintiff objects to several specific items included in Valley Forge's statement and objects generally to Valley Forge's failure to include the attorney and staff time spent on each specific task included in the statement. On March 28, 2013, Valley Forge responded to plaintiff's objections. The court now resolves the parties' dispute.[1]

I. Itemized Statement.

   *A. Detail and Specificity.*

This district's long-standing requirements for detail and specificity in attorney fee requests is contained in its "Message from the Court Regarding Attorney Fee Petitions." *See* http://www.ord.uscourts.gov/index.php?option=com_content&view=article&id=355&Itemid=533 (last visited March 28, 2013). Relevant here is this portion of the court's message: "The Court recommends that members of the bar record time spent on particular, individual tasks and

---

[1] Plaintiff has paid Travelers Insurance Company's $153.00 attorney fee statement. Thus, Traveler's fee statement is not at issue.

Page 2 - OPINION AND ORDER

support their fee petitions with a level of documentation that allows the Court, and opposing counsel, to adequately review the reasonableness of the time spent on a single task." Valley Forge's Statement of Attorney Fees & Costs (Dkt. No. 167-1) lists for each task performed the date, timekeeper, description of work performed, and total value of the service. Lacking is identification of the timekeeper's hourly rate or the time required to perform each listed task. Valley Forge explains the absence of hourly rates in it Statement as the result of a "business practice." (Def's. Resp. at 2.)

Plaintiff's objections that Valley Forge's statement does not identify the "amount of time spent on any task" by each timekeeper and or the individual time-keeper's rate are well-taken. Valley Forge's statement fails to comply with the court's requirements for attorney fee requests. The court ordered plaintiff to pay as sanctions Valley Forge's attorney time and costs associated with the parties' submissions regarding the expert discovery dispute, but a sanctions order – or a law firm's "business practice – does not suspend applicability of the court's long-standing requirements for specificity of attorney fee petitions.

While plaintiff's objection is correct, the Ninth Circuit has been clear that the district court has an independent duty to review the petition for reasonableness. *Gates v. Deukmejian*, 987 F.2d 1392, 1401 (9th Cir. 1993). In other words, the trial court may not simply reject the entirety of a petition solely because it does not comply with a particular requirement. *See Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 891-92 & n.11 (9th Cir. 2011) (fee award may not be denied on basis of block billing; inherent difficulty of apportionment not a basis for denying award of attorneys' fees). Accordingly, the court review's Valley Forge's Statement for reasonableness despite these deficiencies, although the deficiencies could affect to Valley Forge's detriment the court's ability to evaluate the reasonableness of the amounts it requests.

Page 3 - OPINION AND ORDER

### B. Reasonableness.

The court reviewed the parties' respective submissions in deciding the parties' dispute over discovery of plaintiff's expert's file. A cover letter from Valley Forge's counsel accompanied Defendants' joint submission materials, contained within a completely filled three-inch, three ring binder. Apparently, Valley Forge's counsel led the defendants' effort to make a joint submission. The cover letter described the contents of the binder and tabs organized the binder's contents for the court's convenience.

First, Valley Forge's Statement shows, generally, an appropriate amount of attorney time spent preparing the court-ordered submission. One of the attorneys for Valley Forge, Jillian Hinman, is the lawyer who prepared the defendants' joint submission, as hers is the only attorney time reflected in the Statement. Four entries appear on the Statement for her time on the dates November 28, 2012, and November 29, 2012. Ms. Hinman's entry on November 28 for $195.00 to prepare the documents for submission, and her entry on November 29 for $45.00 to prepare Mr. Thenell's affidavit, a total of $240.00, are addressed here. Her entries for $315.00 on November 28 and $195 on November 29 are addressed separately, below.

This district has made clear in its "Message from the Court Regarding Attorney Fee Petitions" that the Oregon State Bar's Economic Survey is the benchmark of reasonableness for attorney fee requests. Ms. Hinman's date of admission to the Oregon bar is 2008. The Survey shows that for Portland private practice attorneys with four-to-six years of experience, the average hourly rate is $210 and the median hourly rate is $218. *Oregon State Bar 2012 Economic Survey*, at 29. For Portland attorneys whose practice focuses on insurance defense, the average hourly rate is $194 and the median hourly rate is $185. *Id.* at 31. Dividing Ms. Hinman's time incurred by these average hourly rates, the total time spent for the two tasks

Page 4 - OPINION AND ORDER

performed between November 28 and 29 is 1.1 hours (using the $210 average) or 1.2 hours (using the $194 average). In light of the voluminous materials defendants provided to the court, the court is satisfied that the total amount requested for Ms. Hinman's time regarding these two entries is reasonable.[2] Accordingly, the court awards Valley Forge $240.00 in attorney fees for these two entries.

Two entries appear for November 29, 2012, for time incurred by legal assistant Julie Albright. The total value of the time is $70.00. On the record of this case, the court finds the amount for the tasks described to be reasonable. Accordingly, the court awards Valley Forge $70.00 in legal assistant time.

Finally, plaintiff did not object to the November 29, 2012, entry for the expense incurred to copy the documents Valley Forge submitted to the court. The entry shows $60.75 incurred to copy 405 pages, at a per-page charge of $.15. Some of the copies in defendants' joint submission were color, but most were black-and-white. It does not appear from the Statement that this cost includes the staff time to actually make the copies; another entry on November 29 shows $40.00 for Julie Albright's time to "[p]repare materials for defendants' joint submission of documents regarding Rob Painter." (See Dkt. No. 167-1.) Thus, the $60.75 expense appears to be the charge for the copies themselves. In the absence of objection from plaintiff, and based on the record, the court finds the per-page charge of $.15, and the total of $60.75, within the range of reasonable. Accordingly, the court awards Valley Forge $60.75 in copy costs.

---

[2] By this ruling the court does not suggest that counsel, in this case or other cases, may exclude from an attorney fee petition either the time incurred to perform a specific task or the hourly rate claimed for an attorney's time. The court's willingness to examine defendants' fee request in this instance is due largely to the brevity of the defendants' Statement and the straightforward nature of the computations performed.

Page 5 - OPINION AND ORDER

II. Specific Objections.

### A. December 11, 2012, entry.

Plaintiff objects to the $120.00 fee Valley Forge incurred on December 11, 2012, for legal assistant Julie Brown to receive and review for attorney analysis plaintiff's expert submissions to the court. Plaintiff's position is simple: any expense incurred after the parties complied with the court's November 29, 2012, deadline for submitting materials "could not have been incurred to 'prepare, serve, and submit' that submission," as ordered by the court. (Pltf's. Objs., at 4 (Dkt. No. 166)). Plaintiff does not object to this part of Valley Forge's fee as either unrelated to the expert discovery submissions or unreasonable in amount.

The court's Opinion and Order is silent on this point but clearly contemplates counsel reviewing each other's submissions to the court. Although the court ordered plaintiff's expert to not serve counsel with copies of his file submitted to the court for *in camera* review, the court ordered counsel to serve each other with their respective submissions. (*See* November 19, 2012, Order, Dkt. No. 120.) Because the parties disputed the completeness of plaintiff's expert disclosures, the court intended that each side be able to verify the other's representations of what documents were and were not produced. Verification could not be accomplished without counsels' review of each other's submissions to the court. Accordingly, the court finds that Valley Forge incurred the December 11, 2012, $120.00 fee to within the scope of its order that the counsel "prepare, serve, and submit" that submission, and awards Valley Forge $120.00 for this task.

### B. November 28, 2012, entry regarding Painter deposition transcript.

Plaintiff objects to the $315.00 fee Valley Forge incurred for Ms. Hinman to review the expert's deposition transcript in preparation for its inclusion in defendants' joint submission.

Page 6 - OPINION AND ORDER

Plaintiff reiterates his position that expense incurred to perform a task outside the scope of the court's order should not recoverable. Valley Forge included excerpts of plaintiff's expert's deposition transcript in defendants' joint submissions, which excerpts contained his answers to questions about the origins of the information in his expert report. This questioning, and the expert's answers and plaintiff's counsel's objections, ultimately prompted counsel to call the court during the November 16, 2012, deposition to obtain a ruling on the dispute. The court's February 19, 2013, Opinion and Order resolved that dispute, and in part relied on the information contained in deposition excerpts to reach its determination. Accordingly, the court awards Valley Forge $315.00 for this task.

### C. November 29, 2012, "rush delivery" entry.

Plaintiff objects the $195.00 fee incurred for Ms. Hinman to make "rush delivery" to the court defendants' joint submissions. Plaintiff contends this cost is excessive and unnecessary because an attorney is not needed to perform delivery documents. The court agrees. First, a legal assistant or staff person could have delivered defendants' joint submissions to the court as considerably less expense. Valley Forge explains that an attorney was used because the submission "was to be handed directly to the Court's clerk." (Def's. Resp. at 2.) Nothing about the content of the submissions or their delivery to the court's chambers required an attorney's time to chaperone the submissions to the courthouse.

Second, no exigency existed that forced a rush delivery. Defendants had two weeks to submit their materials to the court, more than adequate time to avoid having to "rush" delivery of the materials to the court – especially because Valley Forge delivered the materials on November 29, the day *before* the court's deadline for the parties' submissions. (*See* November 16, 2012, Order, Dkt. No. 120, ordering parties to submit their respective materials to the court

Page 7 - OPINION AND ORDER

"no later than November 30, 2012[.]") Valley Forge does not explain what caused the "rush delivery" to be made or why a "rush delivery" occurred the day before the court's deadline. Accordingly, Valley Forge is awarded no fee for this task.

   *D. Cost for three-ring binder.*

Plaintiff objects to the $13.99 spent for a "3-inch notebook" used to contain defendants' joint submission. The court agrees that defendants could have used a less expensive binder for their materials. Defendants could have acquired completely adequate three-inch binder for as little as $6.99.[3] Accordingly, the court awards Valley Forge $6.99 for this cost.

III. Total.

The court awards Valley Forge $812.74 in fees and costs.

IV. Payment Deadline.

Plaintiff shall tender payment of $812.74 to Valley Forge no later than 5:00 p.m. on Monday, April 8, 2013.

   IT IS SO ORDERED.
   DATED this ___1st___ day of April, 2013.

                                              _____
                                              JOHN V. ACOSTA
                                              United States Magistrate Judge

---

[3] Both Office Depot and Staples offer sturdy, locking, three-ring notebooks in the three-inch size at this retail price. *See* http://www.officedepot.com/a/browse/binders-and-accessories/N=5+2155/, and http://www.staples.com/Binders-Accessories/cat_CG2 (both sites last visited March 28, 2013).