IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

HEINRICH GERKE, an individual,

        Plaintiff/
        Counter Defendant,

    v.

TRAVELERS CASUALTY INSURANCE
COMPANY OF AMERICA, a foreign
corporation,

        Defendant/
        Counterclaimant,

and VALLEY FORGE INSURANCE
COMPANY, a foreign corporation,

        Defendant.

TRAVELERS CASUALTY INSURANCE
COMPANY OF AMERICA, a foreign
corporation,

        Third-Party Plaintiff,

    v.

Case No.: 3:10-CV-01035-AC

OPINION AND
ORDER

TRANS LEASE, INC.

        Third-Party Defendant.

ACOSTA, Magistrate Judge:

*Factual Background*

Plaintiff Heinrich Gerke ("Gerke") filed the present action for breach of contract against his insurers, Travelers Casualty Insurance Company of America ("Travelers") and Valley Forge Insurance Company ("Valley Forge"), in the Federal District Court for the District of Oregon. Gerke alleges that Travelers and Valley Forge (collectively "Defendants") have improperly denied his insurance claim after his truck and business inventory were stolen. Defendants claim that Gerke cannot prove his breach of contract claim because Gerke participated in the theft and misrepresented facts regarding the loss of his truck, conduct which excludes his loss from coverage under the policies.

I. The Insurance Policies

Gerke is the sole proprietor of a Matco Tools ("Matco") franchise, an automotive tool supply business. (Second Am. Compl. at ¶2.) To protect himself from financial loss, he maintained insurance policies that covered Matco inventory and a box truck Gerke used to transport his inventory. Gerke took out four policies in total - an automotive policy and business owners policy with Valley Forge, and two nearly identical policies with Travelers. (*Id*. at ¶¶ 9-16.) All four policies contained conditions and limitations to reimbursement. The Travelers commercial automotive policy provides that Travelers,

> [r]etain[s] the right to deny a claim made by the insured or any other person if, whether before or after a loss, [the insured] ha[s] willfully concealed or misrepresented any material fact or circumstance concerning this insurance or the

subject of it, or [the insured's] interest in it, or the case of any fraud or false swearing by [the insured] relating to it.

(Def. Travelers Mem. in Supp. at 3.) Both Travelers policies cover accidental losses exclusively, and vest in Travelers the right to deny coverage in the event of "dishonest acts by [the insured] or anyone else with an interest in the property." (*Id*.)

The Valley Forge automotive and business policies contain similar provisions. (Def. Valley Forge Mem. in Supp. at 3.) The Valley Forge commercial automotive policy covers only accidental losses. (*Id.* at 4.) The automotive policy also contains a concealment, misrepresentation, and fraud clause, which gives Valley Forge the right to deny a claim if the insured conceals or misrepresents material facts to Valley Forge during the claim process. (*Id*. at 5.) The Valley Forge business owners policy also contained an anti-fraud clause which rendered the policy void if the insured attempted to defraud Valley Forge. (*Id*. at 7.)

## II. The Police Investigation

In April 2009, firefighters and police responded to a vehicle fire in Washington County, Oregon. (Thenell Decl. Ex. 4 at 3.) There, authorities found Gerke's box truck completely engulfed in flames. (*Id*.) Police contacted Gerke, who was on his way to Washington state to visit his daughter, and informed him that his truck had been destroyed. (*Id*.) Gerke told police that the truck must have been stolen, since he had parked the truck on the street before he left. (*Id*.) He estimated that the truck itself was worth $90,000.00, and the Matco inventory in the truck was worth $145,000.00. (*Id*. at 11.) When Gerke returned from his trip, he filed an insurance claim and a "Sworn Statement in Proof of Loss" to be reimbursed for the loss of his truck, his tools, and for lost

profits to Matco Tools. (Tenell Decl. Ex. 3 at 1-2.) When the Defendants denied Gerke's claim, Gerke filed this claim for breach of contract.

The police slowed their theft and arson investigations after exhausting all available leads, but in December 2012 police received a tip from Chad Ferguson ("Ferguson") which implicated Gerke in the theft and arson. Ferguson told police that in 2009, he went to the home of Jason Hanson ("Hanson") to photograph and inventory tools that Hanson planned to sell. (*Id*. at 4.) While they worked, Hanson told Ferguson that Gerke asked Hanson to steal and destroy the truck so Gerke could file a false insurance claim. (*Id*.) In exchange for committing the theft, Gerke told Hanson he could keep the contents of the truck (the Matco inventory). (*Id*.)

Police interviewed Hanson at his home, where he admitted that Gerke "paid [Hanson] to take something." He also told police that he sold Gerke's tools to buyers around the state. (*Id*. at 5.) Police escorted Hanson to the police station for further interrogation, but Hanson invoked his right to remain silent and requested an attorney when they arrived. (*Id*.) Police terminated Hanson's interrogation and placed him under arrest for first degree arson. (*Id*.)

In April 2013 police went to Gerke's home to question him about his involvement in the theft and destruction of the truck. (*Id*. at 17.) Gerke initially denied being involved, but eventually admitted that he asked Hanson to steal the truck so that Gerke could make a false insurance claim. (*Id*. at 18.) In subsequent interviews, Gerke admitted to knowing the truck would be destroyed, and told police that he drove the truck to Hanson's home the day it was stolen. (*Id*.) After failing a police polygraph, Gerke admitted helping Hanson unload the tools from the truck before leaving on his trip to Washington state to see his daughter. (*Id*.)

*Procedural History*

In December 2012, Gerke filed four motions for partial summary judgment, asking the court to find all of the Defendants' affirmative defenses insufficient as a matter of law. (Dkt. # 124-127.) When Gerke's involvement in the theft and insurance fraud came to light in April 2013, Gerke's counsel withdrew pursuant to Oregon Rule of Professional Conduct 1.16(a). (Pl.'s Mot. to Withdraw at 2.) Gerke has not hired replacement counsel, and has stopped responding to communications from the court. Travelers and Valley Forge now move for summary judgment arguing that, in light of Gerke's admissions to police, the court should grant judgment in their favor. Valley Forge and Travelers also request that the court award attorney's fees in light of Gerke's "egregious conduct" and fraud. Gerke did not respond to the Defendants' motions.

*Legal Standard*

I. Motion for Summary Judgment under FED. R. CIV. P. 56

A court will grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(a). The party moving for summary judgment bears the burden of establishing that no issue of fact exists and that the nonmovant cannot prove one or more essential elements of a claim or defense. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). If the movant meets his burden, the nonmovant must "go beyond the pleadings [ ] by her own affidavits . . . [to] designate specific facts showing that there is a genuine issue for trial." *Id*. (internal quotation marks omitted). At the summary judgment stage, the court is bound to view all facts in a light most favorable to the nonmovant and must draw all justifiable inferences in the nonmovant's favor. *Narayan v. EGI, Inc.*, 616 F.3d 895, 899 (9th Cir. 2010).

II. Motion for Attorney Fees

Federal courts siting in diversity must apply state substantive law and federal procedural law. *Gasperini v. Ctr. for Humanities, Inc.,* 518 U.S. 415, 427 (1996). However, the distinction between the procedural and substantive is not always clear. *Id*. In parsing the procedural from the substantive, courts must determine whether the statute in question has "so important an effect upon the fortunes of one or both of the litigants that failure to apply it" would lead to inconsistent results or would lead to judicial forum shopping. *Hanna v. Plummer,* 380 U.S. 460, 468 n.9 (1965). More recently, the Supreme Court held that a state statute is substantive if it "significantly affects the result of a litigation" on the merits. *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 406 (2010).

Federal courts generally treat state laws governing awards of attorney's fees as "substantive, rather than procedural requirements." *In re Larry's Apartment, L.L.C.,* 249 F.3d 832, 838 (9th Cir. 2001). However, when a party seeks attorney's fees based on "misconduct by an attorney or party in the litigation itself, rather than upon a matter of substantive law, the matter is procedural." *Id*. Therefore, when an attorney's fees award is contemplated as a sanction for filing a frivolous lawsuit or running afoul of one's duty of candor to the court, federal standards apply. *Id*. The crux of the analysis is whether, under the rule, the prevailing party in any case contemplated by the rule is entitled to attorney's fees simply because that party prevailed. *See Klopfenstein v. Pargeter*, 597 F.2d 150, 152 (9th Cir. 2000) (Applying Alaska R. Civ. P. 82 in federal court because it provides recovery of attorney's fees for "the prevailing party in [any] civil case"). If so, courts treat the state law as substantive. *Id*. However, if a prevailing party may recover attorney fees only because of wrongful conduct by the non-prevailing party or the non-prevailing party's attorney, the state statute

or rule is a procedural rule, and federal courts should not apply it. *Larry's Apartment*, 249 F.3d at 838-39 (reversing a district court's application of an Arizona attorney's fee statute to sanction a defendant for poor behavior during litigation).

*Discussion*

The court disposes of six different motions for summary judgment in this opinion: Gerke's four motions for partial summary judgment on the Defendants' affirmative defenses, Valley Forge's motion for summary judgment on Gerke's breach of contract claim, and Travelers motion for summary judgment on Gerke's breach of contract claim. However, if the court grants the Defendants' motions for summary judgment on all of Gerke's claims, Gerke will have no live claim against which the Defendants could assert affirmative defenses - giving rise to justiciability problems in regards to Gerke's motions. Therefore, the court will first discuss the Defendants' motions, and then move on to Gerke's motions if necessary.

I. Valley Forge's Motion for Summary Judgment under FED. R. CIV. P. 56

Valley Forge claims that it is entitled to summary judgment with respect to Gerke's breach of contract claim. It claims that Gerke's involvement in the theft and destruction of his truck is indisputable, and wholly precludes his recovery under the insurance policy. The court agrees with Valley Forge, and grants its motion for summary judgment.

There is no genuine dispute of material fact before the court in this case. The most significant material fact that the parties disputed throughout litigation was whether Gerke played a part in the theft and destruction of his truck. Gerke has confessed to police that he asked Hanson to steal and destroy the truck so that Gerke could file a fraudulent insurance claim. Gerke's unrebuked

7

OPINION AND ORDER [RMD]

admissions to police and the absence of evidence creating a genuine dispute of material fact or alternative causes of the loss compel granting Valley Forge summary judgment in this case.

An insurance policy is a contract. To prove a breach of contract claim, a plaintiff must establish "the existence of a contract, its relevant terms, plaintiff's full performance and lack of breach and defendant's breach resulting in damage to plaintiff." *Slover v. Or. State Bd. Of Clinical Soc. Workers,* 144 Or.App. 565, 570 (1996). Here, Gerke has produced no evidence to support his allegations that Valley Forge breached its obligations under the policy or that refute Valley Forge's evidence that he violated his obligation under the policy. The automotive policy states that Valley Forge will reimburse Gerke only for "direct and accidental loss or damage." Oregon courts define "accident" as "an incident or occurrence that happened by chance, without design and contrary to intention and expectation." *Oak Crest Constr. Co. v. Austin Mut. Ins. Co.,* 329 Or. 620, 624 (2000). Gerke admitted he solicited Hanson to steal and destroy the truck so that Gerke could fraudulently collect on his insurance policies. No evidence is in the record that contradicts Gerke's admission and creates a genuine issue on this key fact underlying Gerke's claims. Because Gerke's loss was not accidental, Valley Forge had no obligation to reimburse Gerke for the loss and thus cannot be liable for breach of the contract.

The business policy is similarly disposed of. The concealment, misrepresentation, and fraud clause of the business policy states that the policy "is void if you or any other insured, at any time, intentionally conceal[s] or misrepresent[s] a material fact concerning . . . a claim under this policy." Gerke submitted a "Sworn Statement in Proof of Loss" which claimed that "[t]he cause and origin of the said loss are unknown." The facts make clear, however, that when Gerke filed his insurance claim and sworn statement he had full knowledge that Hanson had destroyed the truck at his request

and sold the Matco inventory. Gerke's material misrepresentation in his "Sworn Statement in Proof of Loss" voids the business policy coverage under the fraud and misrepresentation clause, and renders the insurance contract unenforceable. Because there is no genuine dispute of material fact Gerke cannot prevail on his claim as a matter of law, Valley Forge is entitled to summary judgment in its favor.

II. Traveler's Motion for Summary Judgment

Gerke will also be unable to prove his breach of contract claim against Travelers. Both of the policies Gerke held with Travelers covered only "accidental loss or damage." As the evidence in the record shows, Gerke's loss was no accident. Instead, Gerke's and Hanson's conscious and deliberate decision to destroy the truck was the cause of the loss for which Gerke seeks to recover here. Because Travelers had no obligation to reimburse Gerke for the intentional loss, Gerke cannot produce evidence to show that Travelers breached the terms of either insurance policy. The court, therefore, finds that Travelers also is entitled to summary judgment.

III. Gerke's Motions for Partial Summary Judgment on Defendants' Affirmative Defenses

Because Defendants are entitled to summary judgment on all of Gerke's claims, Gerke's motions for partial summary judgment on the Defendant's affirmative defenses are nonjusticiable as moot. The central question of the mootness analysis is whether a change in circumstances since the initiation of the claim or motion has rendered meaningless any relief the court would otherwise grant. *West v. Sec'y of Dep't of Transp.*, 206 F.3d 920, 926 n. 4 (9th Cir. 2000), *citing* 13A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE §3533.3 (3d ed. 1984). If the court granted Gerke's motions for summary judgment, the relief would be meaningless, because there are no live claims against which Defendants could assert affirmative

defenses. Therefore, the court denies all four of Gerke's motions for summary judgment as moot.

IV. Defendants' Motion for Attorney Fees

Finally, the court turns to Valley Forge's request for attorney fees. In the last sentence of its memorandum in support of summary judgment, Valley Forge "requests that this court grant, in the interest of justice and in light of Plaintiff's egregious conduct in presenting a fraudulent claim, attorney fees in Valley Forge's favor." (Def. Valley Forge's Mem. in Supp. at 9.) Further, in its Memorandum in Support of Motion for Attorney Fees, Valley Forge argues that it is entitled to attorney's fees because Gerke filed a meritless claim in bad faith and committed "egregious conduct." Travelers joined Valley Forge's motion for attorney fees, but rested on the arguments presented by Valley Forge in its memorandum in support. (Def. Travelers Casualty Insurance Company of America's Joinder in Valley Forge Insurance Company's Mot. for Attorney Fees at 2.)

In its brief, Valley Forge argued that it is entitled to attorney's fees only under Or. Rev. Stat. § 20.105 because Gerke "pursued this legal action fraudulently" and committed "egregious conduct." (Def. Valley Forge's Mem. In Supp. of Mot. For Attorney Fees.) Section 20.105 provides, in part:

> In any civil action, suit or other proceeding in a circuit court or the Oregon Tax Court, or in any civil appeal to or review by the Court of Appeals or Supreme Court, the court shall award reasonable attorney fees to a party against whom a claim, defense or ground for appeal or review is asserted, if that party is a prevailing party in the proceeding and to be paid by the party asserting the claim, defense or ground, upon a finding by the court that the party willfully disobeyed a court order or that there was no objectively reasonable basis for asserting the claim, defense or ground for appeal.

Under this standard, a party may recover attorney's fees only if (1) they are the prevailing party; (2) the claim was meritless; and (3) the plaintiff asserted the claim for an improper purpose. *Mattiza v. Foster*, 311 Or. 1, 10 (1990). According to the Oregon Supreme Court, filing an action in bad

faith is an improper purpose that warrants sanction under § 20.105.

Section 20.105 is not a substantive statute, and the court will not apply it to award attorney's fees as a sanction on the non-prevailing party in this case. Unlike Alaska Rule of Civil Procedure 82, which federal courts have repeatedly applied to award attorney's fees, § 20.105 does not provide a right to attorney fees for all prevailing parties as a matter of course. Instead, attorney's fees may be awarded only as a sanction against the non-prevailing parties in meritless actions filed for an improper purpose. Further evidence that the statute is procedural is its provision that the court may award attorney's fees if a non-prevailing party "willfully disobey[s] a court order." Thus, federal standards apply. Because neither defendant briefed the court on why an attorney's fees award is proper under the applicable federal standards, the court is not persuaded by Defendants' arguments in favor of an attorney's fees award, and their motions for attorney's fees are denied.

*Conclusion*

For the reasons stated above, Travelers's motion for summary judgment is GRANTED, Valley Forge's motion for summary judgment is GRANTED, all four of Gerke's motions for summary judgment on defendant's affirmative defenses are DENIED as moot, and both Defendants' request for attorney fees is DENIED.

IT IS SO ORDERED.

DATED this 3rd day of December, 2013.

/s/ John V. Acosta
JOHN V. ACOSTA
United States Magistrate Judge